## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| **BRENDA WILLIAMS,** **FOR AND ON BEHALF OF HERSELF** **AND OTHER PERSONS SIMILARLY** **SITUATED,** | **CIVIL ACTION** **FILE NO.:** 4-12-cv-220 (CDL) |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **vs.** | |
| **RES-CARE, INC.,** | |
| **Defendant.** | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW Plaintiff Brenda Williams, for and on behalf of herself and other persons similarly situated (hereinafter "Plaintiffs") and for her complaint against Defendant Res-Care, Inc. (hereinafter "Defendant" or "Res-Care"), shows the Court as follows:

## THE PARTIES  AND JURISDICTION AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA").   Brenda Williams, the individually-named Plaintiff, is a resident of Columbus in the State of Georgia, within this judicial district, and an

1

employee of Res-Care, which was and remains Plaintiff Williams' FLSA employer for the relevant period of time.

2.

Res-Tek is a Kentucky Corporation authorized to do business in the State of Georgia, and may be served with process through service on its registered agent, CT Corporation System, at 1201 Peachtree Street, Atlanta, Georgia 30361.

3.

This Court has original jurisdiction based upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and 1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c), as Plaintiff resides in this judicial district, a substantial part of the events giving rise to the claims set forth herein occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

4.

Plaintiff Williams has served in the capacity of a Personal Care Assistant and a Direct Care Professional for Defendant and has been paid an hourly amount of eight dollars ($8.00) per hour.  Plaintiff Williams performed a substantial part of her work for Defendant in Columbus, Georgia, within this judicial district. Plaintiff Williams brings this action to recover from Defendant for unpaid overtime

compensation, liquidated damages, attorneys' fees and costs pursuant to Section

6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), (the

"Act" or "the FLSA"), as described below.

5.

From April 201, through and including the present, Plaintiff Williams has

worked an average of at least 55 hours per week for the Defendant but has not been

paid overtime wages for any hours worked in excess of 40 hours weekly as

required by the FLSA.

6.

Plaintiff Williams brings these FLSA claims as an "opt-in" collective action

pursuant to 29 U.S.C. 216(b), and seeks relief on a collective basis challenging,

among other things, Defendant's failure to pay overtime.  Plaintiff Williams hereby

consents to be part of this action and the named party in the collective action.

7.

The employees on behalf of whom Plaintiff Williams brings this "opt-in"

collective action are similarly situated because they are non-union, hourly

employees who have been or are employed in positions similar to that of the

individually named Plaintiff, and were subject to the same or similar unlawful

practices as the individually named Plaintiffs.  The number and identity of other plaintiffs yet to opt in and consent to be party plaintiffs may be determined from the records of Defendant, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

8.

Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Plaintiffs' work for the Defendant has been in the capacity of domestic service in one or more households; consequently, Plaintiffs' work for Defendant falls within the purview of 29 U.S.C. 207.  Plaintiffs do not fall within any exemption of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

9.

Defendant formerly paid overtime rates to hourly employees in positions of domestic service of the type and nature of that held by Plaintiffs.   However, Defendant ceased paying overtime rates to hourly, nonexempt domestic service employees as of April 2011, despite the fact that many regularly worked more than forty (40) hours per week.

4

10.

Having previously paid overtime rates to hourly employees in compliance with the FLSA, Defendant is well aware of its obligations under the FLSA. Accordingly, Defendant has willfully violated the FLSA, 29 U.S.C. 201 et. seq.

## COUNT I – FLSA VIOLATIONS

11.

Plaintiffs re-allege all preceding paragraphs of this Complaint and incorporate them by reference as if fully set forth herein.

12.

Defendant's policies as stated above have caused Plaintiffs to be deprived of wages due them.

13.

Defendant's policies as stated above constitute a violation of the FLSA, 29 U.S.C. 207, requiring that employees receive compensation for a workweek longer than forty (40) hours at a rate not less than one and one-half times the regular rate at which they are employed.

14.

Under 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a.      A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.      An award of past due wages for each Plaintiff, together with interest thereon;

c.      That the Court award Plaintiffs liquidated damages, together with interest thereon;

d.      That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA;

e.      That is this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

f.      That Plaintiffs be awarded prejudgment interest and their costs and disbursements herein;

g.      That Defendant be held liable for the awarded amounts;

h.      That additional applicable former employees of Defendant be permitted to join this suit by appropriate opt-in; and

i.      Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This 30th day of August, 2012.

Respectfully submitted,

HILL,KERTSCHER & WHARTON, LLP

By: /s/ Douglas R. Kertscher
        Douglas R. Kertscher
        Georgia Bar No. 416265
        Blake H. Frye
        Georgia Bar No. 278801
        *Attorneys for Plaintiffs*

3350 Riverwood Parkway
Suite 800
Atlanta, Georgia  30339
Telephone:  770-953-0995
Facsimile:   770-953-1358
Email:        drk@hkw-law.com